**NOT PRECDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3802
_____

ROBERT A. DOMBROSKY,

                                        Appellant

v.

ERIC C. STEWART

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 3-10-cv-01477)
District Judge:  Honorable A. Richard Caputo

_____

Submitted under Third Circuit LAR 34.1 (a)
on July 18, 2013

Before:  RENDELL, SMITH and ROTH, Circuit Judges

(Filed: February 12, 2014)
_____

O P I N I O N
_____

**ROTH**, Circuit Judge:

      Robert A. Dombrosky appeals the District Court's August 27, 2012, order granting

summary judgment in favor of Eric C. Stewart.  For the reasons that follow, we will

affirm the District Court's order.

## I.    Factual Background

Dombrosky began working as a police officer with the Westfall Township Police Department on September 30, 1998.  On July 16, 2007, Dombrosky was charged with criminal violations in Port Jervis, New York, that were not related to his job.  On September 6, 2007, Dombrosky and his employer agreed that Dombrosky would take unpaid leave from his job as a police officer pending the resolution of the charges against him in Port Jervis.[1]

On July 19, 2008, Dombrosky attended a party where he consumed multiple alcoholic beverages.  When Dombrosky attempted to drive himself home that night, his vehicle swerved off the road and struck a tree.

Dombrosky called police on his mobile telephone.  Sergeant David Zegarski arrived on the scene.  Zegarski said that Dombrosky was not present.  Zegarski and another officer then went to Dombrosky's residence but Dombrosky was not there either.

Zegarski contacted Eric Stewart, the Assistant Chief of Police and on-call supervisor.  Stewart proceeded to Dombrosky's home.  Dombrosky was not home, but Stewart encountered Dombrosky as Stewart was departing.  Dombrosky had walked approximately five miles home along public streets.  Dombrosky invited Stewart into his home.  Stewart stated that Dombrosky appeared intoxicated.  Dombrosky denied that he was intoxicated.  Dombrosky and Stewart debated about the circumstances surrounding

---

[1] Although he was acquitted of the Port Jervis charges, Dombrosky was terminated from his job as a police officer in Westfall Township.  Dombrosky brought suit against the Westfall Township Police Department and other defendants seeking reinstatement and back pay in a separate proceeding.  An appeal of a District Court order in that case is also pending before this Court.  *Dombrosky v. Banach*, No. 12-3801 (3d Cir. Oct. 4, 2012).

2

the accident and Dombrosky claimed that another individual, identified as "Chris," had been driving. Stewart then left Dombrosky's residence and interviewed other witnesses. The witnesses stated that Dombrosky had been intoxicated while at the party and that Chris could not have been driving because he was still at the party when Dombrosky left.

Stewart issued three traffic citations and one non-traffic citation to Dombrosky. Dombrosky was charged with violating (1) 75 Pa. Cons. Stat. Ann. § 3744, duty to give information and render aid; (2) 75 Pa. Cons. Stat. Ann. § 3745, accidents involving damage to unattended vehicle or property; (3) 75 Pa. Cons. Stat. Ann. § 3748, giving false reports; and (4) 18 Pa. Cons. Stat. Ann. § 5505, public drunkenness. Stewart requested that Police Commission Solicitor Thomas Mincer accompany him to the hearing against Dombrosky, but the District Attorney's Office denied the request. Dombrosky was found not guilty of the public drunkenness charge, but was found guilty of the three traffic offenses. He appealed the guilty verdicts to the Court of Common Pleas of Pike County, Pennsylvania. The appeal was denied.

## II.     Procedural Background

On July 16, 2010, Dombrosky brought suit under 42 U.S.C. § 1983 alleging that Stewart's selective enforcement of a facially neutral law violated Dombrosky's rights under the Equal Protection Clause of the Fourteenth Amendment. Dombrosky's Second Amended Complaint, filed April 18, 2012, also alleged a First Amendment retaliation claim against Stewart.

3

On August 27, 2012, the District Court granted summary judgment in favor of Defendant Stewart on both the selective enforcement and First Amendment retaliation claims.

## III.    Discussion[2]

"We review the District Court's grant of summary judgment *de novo*, applying the same standard the District Court applied.  Summary judgment is appropriate where there is no genuine issue of material fact to be resolved and the moving party is entitled to judgment as a matter of law."  *Alcoa, Inc. v. United States*, 509 F.3d 173, 175 (3d Cir. 2002) (citations omitted).

### A.    The Equal Protection Claim

Discriminatory enforcement of a facially valid law is unconstitutional under the Equal Protection Clause of the Constitution.  *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005).  To establish a selective enforcement claim, the plaintiff must demonstrate (1) that he was treated differently from other similarly situated individuals; and (2) that this selective treatment was based on an unjustifiable standard, such as race, religion, some other arbitrary factor or to prevent the exercise of a fundamental right.  *Dique v. N.J. State Police*, 603 F.3d 181, 184 n.5 (3d Cir. 2010).  "Persons are similarly situated under the Equal Protection Clause when they are alike in 'all relevant aspects.'"  *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)).

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331 and this Court has jurisdiction under 28 U.S.C. § 1291.

4

The District Court found that Dombrosky failed to establish that he was treated differently from individuals who were like him in all relevant respects. Although he claimed he was treated differently from "other similarly situated members of the motoring public," the District Court found no evidence to support this conclusion. On appeal, Dombrosky argues that he was treated differently from "all persons who were drunk in public outside the presence of a police officer" and "all persons who were drunk when no member of the public was present."

This argument is unavailing. Dombrosky has not provided evidence of others treated differently who were similar to him in "all relevant respects." *See Startzell*, 533 F.3d at 203. Therefore, Dombrosky has failed to provide evidence necessary to establish the required elements of a selective enforcement claim.

The District Court did not err in granting summary judgment in favor of Stewart.

**B.    The First Amendment Retaliation Claim**

To establish a First Amendment retaliation claim, the plaintiff must prove (1) constitutionally protected conduct; (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the constitutionally protected conduct and the retaliatory action. *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). "[T]he key question in determining whether a cognizable First Amendment claim has been stated is whether 'the alleged retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" *Id.* (quoting *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir.2006)); *see also Crawford–El v. Britton*, 523 U.S. 574, 589 n.10 (1998). The alleged conduct must

5

have more than a *de minimis* impact on plaintiff's First Amendment rights. *McKee*, 436 F.3d at 170.

The District Court granted summary judgment in favor of Stewart on the claim because the only retaliatory act alleged by Dombrosky, *i.e.*, Stewart's request (which was denied) that Solicitor Mincer accompany him to a hearing against Dombrosky, would not deter a person of ordinary firmness from exercising his rights under the First Amendment. As the District Court found, this act would have a *de minimis* impact, if any, on a person's exercise of his or her constitutional rights.[3]

On appeal, Dombrosky urges us to treat various other actions by Stewart as retaliatory conduct. Dombrosky did not argue before the District Court that these actions constituted retaliatory acts although he had the opportunity to do so. It is well-settled that "arguments that are asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review . . . absent exceptional circumstances." *MD Mall Assocs., LLC v. CSX Transp., Inc.*, 715 F.3d 479, 486 (3d Cir. 2013) (internal citation and quotation marks omitted). Here, we find no exceptional circumstances that would persuade us to consider Dombrosky's arguments for the first time on appeal.

## IV.  Conclusion

For the foregoing reasons, we will affirm the District Court's August 27, 2012, order granting summary judgment in favor of Defendant Eric Stewart.

---

[3] The District Court also found that the First Amendment retaliation claim was barred by the statute of limitations. Because we agree with the District Court that the alleged retaliatory action taken by Stewart had at most a *de minimis* impact on Dombrosky's exercise of his First Amendment rights, we need not reach the issue of whether the claim was untimely.